## The State of Kansas v. Walter Flowers.
### No. 10911.

1. **City Court of Kansas City**—*failure of clerk to take down testimony on preliminary examination before, not ground for plea in abatement in District Court.* The failure of a clerk of a city court of Kansas City Township to take down in writing the testimony given on the preliminary examination of a person charged with a felony and file it with the papers in the case, does not defeat the jurisdiction of the District Court to try him on an information based on such preliminary examination and a finding of the city judge of probable cause for believing him guilty of the offense charged.

2. **Statements in Presence of Accused**—*made by persons in custody on same charge, during conversation participated in by him, admissible against him.* Where three persons were arrested and in confinement, charged with the commission of an offense, the whole of a conversation with the officers having them in custody may be given in evidence against one of them, being separately tried, where it appears that he voluntarily took part in the conversation; and the statements of the other persons, jointly charged with the offense, made in his presence during the conversation, are admissible against him.

3. **Weak-mindedness**—*evidence of, not admissible for accused unless idiocy or insanity claimed.* On the trial of a person charged with crime, evidence tending merely to show that he is weak-minded and easily influenced by others, is inadmissible, where it is not claimed that he is either idiotic, insane, or incapable of understanding the nature and character of his acts.

Error from Wyandotte District Court. Hon. H. L. Alden, Judge. Opinion filed November 6, 1897. *Affirmed.*

*L. C. Boyle*, Attorney General, and *S. C. Miller*, County Attorney, for the State; *I. F. Bradley*, of counsel.

*F. E.* and *J. A. Smith*, for appellant.

Allen, J. The defendant was charged with breaking into a chicken house, within the curtilage of the dwelling of Charles McCoy, in the nighttime, and

stealing therefrom fourteen chickens. After he was arrested, he was taken before one of the city courts of Kansas City, where a preliminary examination was held, as a result of which he was required to give bond for his appearance before the District Court to answer the charge against him. To the information there filed he interposed a plea in abatement. On the trial of the issue raised on the plea, it was admitted that, at the preliminary examination, the defendant requested the clerk of the court to take down the testimony in writing; that he took it down in shorthand but did not transcribe it. Section 7 of chapter 107 of the Laws of 1897, creating two city courts in Kansas City Township, provides that "in all preliminary examinations held before said judges in cases of persons accused of the commission of a felony, it shall be the duty of said clerks to take down all the testimony in writing and file the same with the papers in the case."

It is claimed that the discharge of this duty by the clerks is one of the requisites of a valid preliminary examination, and that without it the District Court had no jurisdiction to put the accused on trial. The statute is plain in its terms, and it is doubtless the duty of the clerk to comply with its requirements. So far as his action is concerned, the statute is mandatory. His duties are merely clerical. The jurisdiction of the District Court depends on the finding and order of the judge based on the testimony taken before him, and not on the action of the clerk. In case of an examination before a justice of the peace in any other township in the State, the defendant would have no right to insist on having the testimony reduced to writing, and it can hardly be presumed that the Leg-

1. Failure to take down testimony not ground for abatement, when.

islature intended to make the performance of this duty a jurisdictional matter in preliminary examinations before the city courts. The plea was properly overruled.

Complaint is made of the admission of the statements of Ankerson, who was jointly charged with the defendant, made in the presence of Flowers, as to how they got into the chicken house. It is claimed that Flowers, Ankerson and Taylor were all under arrest and in confinement at the time of the conversation, and that the defendant had a right to keep silent, no matter what either of his codefendants might say. A case of this kind may be imagined where it would seem a harsh rule to hold the defendant bound by the statements of another person accused of the same crime. The testimony before us, however, does not present the case of a defendant who chose to keep silent. Flowers voluntarily took part in the conversation and admitted the larceny of the chickens. He also testified at the trial that the three persons arrested took them from the chicken house, which he claimed was open when they went to it. There is nothing showing that he was urged to speak when he wished to be silent. A conversation in which he took part and which was not forced on him by duress, is clearly admissible, and all that was said by all the persons who took part in it may be shown. It is said that this was the only proof of the breaking; but there is abundant evidence, given by other witnesses, showing that the door of the chicken house was closed and fastened on the night of the larceny.

2. Statements in presence of accused admissible, when.

On behalf of the defendant, an attempt was made to prove by his mother that his mind was weak, that he was easily influenced and liable to be led into wrong-

**3. Evidence of weak-minded-ness not admissible, unless.** doing by, others. This testimony was excluded. It was not claimed that he was either insane or idiotic, nor was it pretended that he did not understand the nature of the transaction in which he was engaged. Whenever moral weakness or an uncontrollable propensity to do wrong is accepted as an excuse for crime, there will be little room for conviction of offenders. No person of moral strength and a well-balanced mind commits crime. All wrong-doing is the result of ignorance and mental and moral defects. Yet society must protect itself and restrain the criminal classes. The testimony offered by the defendant would not have availed him if admitted, and no error was committed by its rejection.

The remarks of the county attorney, of which complaint is made, do not appear to have been objected to at the time, and are hardly such as would be likely to prejudice the jury against a defendant whose guilt was not clearly shown.

No error appearing in the record the judgment is affirmed.