140 So.2d 348 (1962)
Anita Lucy EVANS, Appellant,
v.
STATE of Florida, Appellee.
No. 2138.
District Court of Appeal of Florida. Second District.
April 27, 1962.
Charles F. Benson, Tampa, for appellant.
Richard W. Ervin, Atty. Gen., Tallahassee, and Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
KANNER, Judge.
Review is sought by defendant of her conviction of second degree murder rendered by a jury and the sentence by the trial court of 20 years imprisonment in the state penitentiary. Defendant directs her appeal primarily toward refusal by the trial judge to admit testimony of a certain clinical psychologist with reference to her defense of temporary insanity.
Prior to trial, the court ordered that defendant be examined by two qualified and disinterested experts as to her mental *349 condition. This was done, with the result that one of the examining physicians expressed the opinion that defendant was "competent and able to assist in her own defense," while the other testified that, as a result of the examination, he found her to be "competent," able to "differentiate between right and wrong," and to "assist counsel in her own defense." The trial judge thereupon found defendant to be sane.
Subsequently, defendant filed notice that she would rely upon temporary insanity as one of her defenses and stated that she would call Dr. Theodore Blau, psychologist, as expert witness to testify that she was schizophrenic. The clinical psychologist in question, holder of a degree of Doctor of Philosophy in psychology, with residence experience in a veterans' hospital and over five years of experience in his profession, had conducted diagnostic tests and a psychological examination of defendant.
When queried as to the purposes for which the testimony of the clinical psychologist was being offered, counsel for defendant stated:
"Dr. Blau is being called for the purpose of stating what psychological examinations he conducted with the defendant, Anita Lucy Evans and what his findings were in these tests, whether the result of these tests he regards her as a psychologically normal person."
The State objected to the proffered testimony; and, after hearing arguments of counsel for both sides, the court sustained the objection to the proffer, ruling that the testimony of the clinical psychologist was not admissible. One of the grounds asserted by the court for its conclusion was that: "Unless it is testimony seeking to determine the mental capacity of this accused, it's incompetent, irrelevant." It is apparent, therefore, that the trial judge considered testimony bearing upon the question of defendant's psychological normality to be irrelevant and incompetent to elucidate the issue before the court, that of the legal sanity of defendant.
It has been long recognized that sanity is the normal condition of man and that, when charged with a crime, he is presumed to be sane; the mere fact that he has committed a crime is not in itself sufficient to overcome the presumption. Davis v. State, 1902, 44 Fla. 32, 32 So. 822. Thus, in a prosecution for homicide, the defendant has the burden of establishing his plea of insanity by demonstrating that he was legally insane at the time the homicide was committed. McVeigh v. State, Fla. 1954, 73 So.2d 694. The State of Florida has long adhered to the "right and wrong" test for the determination of the sanity of a criminal defendant; the test is also referred to as the M'Naghten Rule. See Piccott v. State, Fla. 1959, 116 So.2d 626; Davis v. State, supra. This jurisdiction does not recognize that phase of insanity denominated under the title of "irresistible impulse" or "moral insanity" as a defense to a criminal prosecution. The only issue presented under the defense of legal insanity is whether the accused, at the time of the unlawful act alleged to have been committed by him, had a sufficient degree of reason to know that he was doing an act that was wrong. Griffin v. State, Fla.App. 1957, 96 So.2d 424; Brock v. State, Fla. 1954, 69 So.2d 344; Crews v. State, 1940, 143 Fla. 263, 196 So. 590.
Testimony bearing upon whether or not defendant was "psychologically normal" would, as stated by the trial judge, be irrelevant to the issue of legal insanity under the standard set forth by the M'Naghten Rule, to which this state is committed. It must be concluded that the trial judge correctly declared the testimony inadmissible for the objective stated.
Defendant has also suggested that the clinical psychologist in the alternative should have been permitted to qualify as a non-expert witness. However, the clinical psychologist was not offered as a non-expert witness on the subject of defendant's sanity. Instead, after the trial judge had held that the clinical psychologist could not *350 offer the expert testimony sought to be elicited, defendant's counsel ordered him to "stand down." The question is therefore not before this court for review.
The testimony has been studied, and it supports the jury's verdict. There is no contention made that it does not. Since error has not been made to appear, the conviction of the defendant must be affirmed.
Affirmed.
ALLEN, Acting C.J., and WHITE, J., concur.