**Upshy BELL, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42853.**

Court of Criminal Appeals of Texas.

May 13, 1970.

James S. McGrath, Beaumont, for appellant.

W. C. Lindsey, Dist. Atty., and Lawrence J. Gist, Asst. Dist. Atty., Beaumont, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The conviction is for murder; the punishment, ten years.

The appellant contends that the trial court erred in not admitting the testimony of Dr. Charles Adkins, a physician, neurologist and psychiatrist, on the issue of his temporary insanity at the time of the commission of the alleged offense as a defense.

The testimony of the appellant reveals that he was severely injured when he was

struck on the head two or three times during an argument which occurred immediately before the shooting of the deceased.

To support his ground of error the appellant relies upon the trial court's actions in refusing to admit the testimony of Dr. Adkins as shown by the following formal bill of exception:

"Be it remembered that on the trial of the above entitled and numbered cause, the Defendant offered the testimony of one Charles Adkins, a physician and psychiatrist. Such testimony being offered on the issues of intent, state of mind and as a defense of insanity. The Defendant being charged with the offense of murder with malice made all three (3) elements material to the issues of the case. The testimony is set out in full, including the testimony of said witness on voir dire by the State of Texas, attached hereto and made a part hereof for all purposes. That the State objected to said testimony on the grounds reflected by the transcript of said testimony referred to above and attached hereto. That the Court sustained said objections and excluded said testimony. That Defendant tenders this Bill of Exception, and asks the same be signed and filed as a part of the record in this cause.

"That the State and the Defendant stipulate and agree that had the witness been permitted to testify in reply to said questions propounded that he would have stated that under the hypothetical situation presented, in his opinion Upshy Bell at the time of the shooting of the victim, in all medical probability, temporarily did not know the difference between right and wrong."

Before the jury at the guilt stage of the trial, the following questions, among others, were propounded to Dr. Adkins by the appellant but upon objection by the state the court would not permit him to give his answers to them:

"Q In all medical probability from your examination of this individual, if he received such a blow to his head in this area to which I am pointing that required at least four stitches to be administered, what in medical probability would be his sanity or insanity at the time, or a given period of say from ten to fifteen minutes?

"By Mr. Umphrey: Your Honor, we're going to object to what the probability was or the possibility was; we're not dealing with probabilities or possibilities.

"The Court: Sustained.

"BY MR. McGRATH:

"Q What, in your opinion, then would be the condition of this individual as to sanity or insanity under those conditions at that particular time?

"By Mr. Umphrey: Your Honor, we're going to object to that. This man—

"The Court: Sustained.

"BY MR. McGRATH:

"Q I'll ask you, sir, under the conditions of the hypothetical situation given if this person would know the difference between right and wrong at that time?

"By Mr. Umphrey: Your Honor, that's not a proper question to be phrased to an expert.

"The Court: Sustained."

The court, in approving the formal bill of exception which contains what the excluded answers of Dr. Adkins to the propounded questions would have been, thereby certifies what such answers would have been had he been permitted to answer them. It is concluded said answers were

material and should have been admitted in evidence and their exclusion deprived him of valuable defensive testimony.

Under the facts as certified in the bill of exception there is no alternative other than to reverse and remand the judgment of conviction in this cause.

It is so ordered.