**Larry Alan COWLES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 48548.**

Court of Criminal Appeals of Texas.

June 19, 1974.

Rehearing Denied July 17, 1974.

Michael L. Morrow, Dallas, for appellant.

Henry Wade, Dist. Atty., & Richard W. Wilhelm, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

BILL J. CORNELIUS, Commissioner.

Appellant was convicted of rape, and the jury assessed his punishment at thirty (30) years' confinement.

The evidence showed that the prosecutrix went to a washateria located behind her apartment complex. While she was there alone, the appellant attacked her, beating and choking her into unconsciousness. When she regained consciousness, appellant was raping her. Because the prosecutrix did not return from the washateria to her apartment immediately, her ten-year old daughter sought the assistance of neighbors. The neighbors rushed to the washateria, where they caught appellant in the act. He was pulled from the prosecutrix and held by force until the police arrived. The sufficiency of the evidence is not challenged.

At the guilt-innocence stage of the proceedings the appellant offered only one witness, who was Dr. Robert Gordon, a forensic psychologist. Dr. Gordon testified that he had performed a psychological evaluation of the appellant based upon personal interviews, school and other records and miscellaneous background material. He repeatedly testified that in his opinion the appellant, at and before the offense, did know the difference between right and wrong, but he then attempetd to testify

that the appellant was an extremely disturbed and mentally ill person, with an explosive personality whose feelings of rejection manifested themselves in outbursts of rage and violent attacks against women. He further offered testimony that appellant was a sick person whose poor judgment and reasoning at times impaired his ability to control himself. The trial court excluded the proffered testimony at the guilt-innocence stage of the trial, but admitted it fully at the punishment stage. In his first ground of error appellant urges that the exclusion of this evidence at the guilt-innocence stage of the trial was prejudicial error.

 To establish the defense of insanity at appellant's trial which commenced on June 25, 1973, it must have been shown that his mental condition at the time of the offense was such that he was unable to distinguish between right and wrong as to the particular act charged as an offense. 16 Tex.Jur.2d, Criminal Law, Sec. 93, p. 214, and cases there cited. This is generally referred to as the M'Naghten Rule.[1] In States following that rule it is settled that proof to the effect that the accused was the victim of mental weakness or emotional disturbances falling short of the inability to distinguish between right and wrong does not raise the issue of insanity. Valdez v. State, Tex.Cr.App., 475 S.W.2d 786; Morales v. State, Tex.Cr.App., 458 S.W.2d 56; Fuller v. State, Tex.Cr.App., 423 S.W.2d 924; Annotation, 44 A.L.R. 584. Aside from the question of its sufficiency to *raise the issue* of insanity, our inquiry is whether or not such evidence is even admissible on the issue of guilt. The great weight of authority is that such evidence is not admissible. State v. Hebard,

---

1. Appellant's trial was held on June 25 and 26, 1973. Although not applicable to the determination of the instant case, we note that the new penal code which became effective on January 1, 1974, provides a different standard. Sec. 8.01 states:

"(a) It is an affirmative defense to prosecution that, at the time of the conduct charged, the actor, as a result of mental

disease or defect, either did not know that his conduct was wrong or was incapable of conforming his conduct to the requirements of the law he allegedly violated.

"(b) The term 'mental disease or defect' does not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct."

50 Wis.2d 408, 184 N.W.2d 156; Campbell v. State, Fla., 227 So.2d 873, cert. denied, 400 U.S. 801, 91 S.Ct. 7, 27 L.Ed.2d 33; People v. Jenko, 410 Ill. 478, 102 N.E.2d 783; Evans v. State, Fla.App., 140 So.2d 348; State v. Shackleford, 232 N.C. 299, 59 S.E.2d 825; Demaree v. Commonwealth, Ky., 82 S.W. 231; Rogers v. State, 128 Ga. 67, 57 S.E. 227; State v. Flowers, 58 Kan. 702, 50 P. 938; People v. Marquis, 344 Ill. 261, 176 N.E. 314, 74 A.L.R. 751; Annotation, 22 A.L.R.3d 1228. An exception to this rule is where specific intent is an *element of the offense* for which the accused is being tried, as in the different degrees of murder and the "with intent" crimes. Annotation, 22 A.L.R.3d 1253, and cases there cited; People v. Taylor, 220 Cal.App.2d 212, 33 Cal.Rptr. 654. The reasoning behind the exclusion of this type of evidence is that if the accused can distinguish between right and wrong and understands the nature and consequences of his acts, and is therefore legally sane, the fact that he suffers from a weak mind or from emotional problems does not excuse his act, and is consequently immaterial on the question of guilt and would only confuse the jury if admitted into evidence.

Before Texas adopted the practice of separating the guilt-innocence stage of the trial from the punishment stage, it was held that all evidence showing the mental condition of the accused, as bearing on the state of his mind at the time of the offense, was admissible. 23 T.J.2d, Evidence, Sec. 136; Thomas v. State, 97 Tex.Cr.R. 432, 262 S.W. 84. As noted in Thomas v. State, however, the purpose of admitting such evidence was not to reflect upon the issue of guilt or innocence but was to aid the jury in determining the questions of mitigation and punishment. Thomas v. State, supra.

■ Apparently no Texas case has been decided on this point since our adoption of the bifurcated trial system, but in view of the rules discussed above and the reasoning of Thomas v. State and the other authorities noted, when an expert witness for the defense testifies that the accused was legally sane at the commission of the act, and the offense is not one where specific intent is an element of the crime, an offer of testimony by that witness as to the mental aberration or the emotional problems of the accused should be rejected at the guilt-innocence stage of the trial. As the testimony of Dr. Gordon on appellant's mental problems was fully admitted by the trial court at the punishment stage of the trial, there was no error. Appellant relies on Bell v. State, Tex.Cr.App., 456 S.W.2d 112, but it is distinguished. There, the trial court excluded the expert witness' testimony that the accused *did not* know right from wrong and was therefore legally insane. Bell v. State correctly held that such exclusion was error. Ground of error No. 1 is overruled.

■ In ground of error No. 2 the appellant urges that reversible error was committed at the punishment stage of the trial when the State's counsel cross-examined Dr. Gordon as to previous attacks made by the appellant upon other women. An examination of the statement of facts reveals that no objection was made to such testimony, and that the same testimony was later elicited from the appellant himself by his own counsel. Under the circumstances no error is shown. Ground of error No. 2 is overruled.

The judgment of the trial court is affirmed.

Opinion approved by the Court.