NUMBER 13-00-385-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

________________________________________________________________


RUDOLFO PEREIDA , Appellant,

v.


THE STATE OF TEXAS , Appellee.

________________________________________________________________


On appeal from the 347th District Court

of Nueces County, Texas.

________________________________________________________________

O P I N I O N

Before Chief Justice Valdez and Justices Yañez and Castillo

Opinion by Justice Castillo


Rudolfo Pereida appeals the trial court's judgment revoking his community supervision and adjudicating his guilt. Pereida
argues that the trial court abused its discretion in denying him an evidentiary hearing on his motion for a new trial, in
which he claimed ineffective assistance of counsel at his motion to revoke hearing. We affirm.

Factual Summary

On October 31, 1999, Pereida pled guilty, pursuant to a plea bargain, to the offense of indecency with a child and was
placed on deferred adjudication community supervision for five years. On April 26, 2000, the trial court revoked Pereida's
probation for failure to comply with terms of his community supervision, adjudicated him guilty, and sentenced him to ten
years confinement. Pereida moved for a new trial on the ground that his trial counsel was ineffective in failing to present
evidence of his diminished mental capacity at the hearing on the motion to adjudicate. The trial court refused to consider
any further evidence and denied the motion for a new trial. 

Analysis

The State argues that Pereida's claim should be dismissed for failure to comply with the notice requirements of Texas Rule
of Appellate Procedure 25.2(b)(3). Tex. R. App. P. 25.2(b)(3). The Texas Court of Criminal Appeals, however, has
recently held that an appeal of a deferred adjudication revocation that challenges "the process by which he was sentenced,
an issue 'unrelated to [his] conviction'," and not the conviction itself, is not barred by Texas Rule of Appellate Procedure
25.2(b)(3). Vidaurri v. State, No. 151-99, 2001 Tex. Crim. App. LEXIS 50, *13 (June 20, 2001). We find that appellant's
claim is not barred for failure to comply with rule 25.2(b)(3).

We next consider the application of article 42.12, section 5(b) of the code of criminal procedure which prohibits any appeal
of the trial court's decision to adjudicate. Tex. Code Crim. Proc. Ann. art. 42.12 §5(b)(Vernon Supp. 2001). However, that
same article provides that "[a]fter an adjudication of guilt, all proceedings, including assessment of punishment,
pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of
guilt had not been deferred . . . ."Id. As appellant's claim is framed as a challenge to procedural aspects relative to a motion
for new trial, a matter subsequent to the adjudication, this appeal is not barred by article 42.12, section 5(b). (1) Jones v.
State, 39 S.W.3d 691, 692-93 (Tex.App. - Corpus Christi 2001, no pet. h.). 

Considering appellant's sole point of error, we find that the trial court did not abuse its discretion in failing to hold an
evidentiary hearing. In his brief, Pereida cites Reyes v. State, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993), in support of
his argument that the trial court abused its discretion in failing to hold an evidentiary hearing on his motion for new trial
when he raised matters not determinable from the record upon which he could be entitled to relief. According to Reyes,
motions for new trial must be supported by affidavit, either of the accused or someone else specifically showing the truth of
the grounds of attack. Id. Attached to the motion for new trial were affidavits from two family members, stating that
Pereida does not have full mental capacity. These assertions do not establish facts entitling Pereida to a new trial. See King
v. State, 29 S.W.3d 556, 569 (Tex. Crim. App. 2000). The motion and accompanying affidavits fail to allege how Pereida's
trial counsel was deficient by failing to discover Pereida's alleged diminished capacity. Neither affidavit provided any
evidence that Pereida's alleged diminished capacity bore any relationship to his failure to comply with the terms of his
probation. The affidavits are also insufficient to demonstrate any evidence that Pereida's diminished capacity, if proven,
would entitle him to any form of relief. (2) We hold, therefore, that Pereida has failed to demonstrate that the trial court
erred in refusing to hold an evidentiary hearing. 



Disposition



Accordingly, we AFFIRM the judgment of the trial court. 



ERRLINDA CASTILLO

Justice

Do not publish.

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 31st day of August, 2001.









1. We note, however, that the only issue raised in the motion for new trial was ineffective assistance of counsel at the
revocation hearing for failing to provide information to the court on appellant's alleged diminished mental capacity. On
appeal, appellant does not mention the ineffective assistance of counsel claim but instead states in his brief before this court
that "[a]ppellant's capacity is an issue that was not raised at his revocation hearing. This evidence is of a nature and quality
that require a hearing in order to afford the trial court the opportunity to evaluate evidence that could explain Appellant's
failure to comply with his [sic] the terms of his probation." (emphasis added). Appellant goes on to argue that by not
allowing a hearing, the trial court failed to provide appellant with"an adequate avenue of review." The trial court could not
deny appellant a meaningful appellate review of any issue that is statutorily barred from review. See Tex. Code Crim. Proc.
Ann. art. 42.12, §5(b)(Vernon Supp. 2001). Appellant never had any right to appeal the trial court's decision to adjudicate
his guilt, even if his counsel had been ineffective. See Phynes v. State, 828 S.W.2d 1,1 (Tex. Crim. App. 1992). Thus while
we may here review the trial court's decision not to hold an evidentiary hearing on the motion for new trial, we would not
have had any jurisdiction to review the correctness of any finding of the trial court as a result of that hearing that would
relate to the trial court's decision to adjudicate. Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999)(holding
that an appellant whose deferred adjudication has been revoked and who has been adjudicated guilty "may not raise on
appeal contentions of error in the adjudication of guilt process " not just in the decision to adjudicate)(emphasis added).

2. We could find no cases where diminished capacity was raised as a defense to failure to comply with the terms of
probation. The general rule in Texas is that proof of mental weakness or emotional disturbance short of the inability to
distinguish right from wrong is inadmissable as to the question of guilt or innocence. Cowles v. State, 510 S.W.2d 608,
609 (Tex. Crim. App. 1974). However, such evidence is admissible if relevant to the issue of whether the defendant had
the necessary mens rea which is a required element in a specific intent crime. Warner v. State, 969 S.W.2d 1, 1 n.1 (Tex.
Crim. App. 1998)(citing Cowles, 510 S.W.2d at 610); see also discussion in Penry v. State, 903 S.W.2d 715, 767-69 (Tex.
Crim. App. 1995) (Maloney, J., concurring) (diminished capacity does not exist as an affirmative defense, but may be
raised to show the absence of the required mens rea for an offense in which a specific intent must be proven by the State).
However, the "Cowles exception" has no applicability to the present case, as we find no mens rea associated with failure to
comply with the terms of probation apart from terms which prohibit the commission of a new offense with which a
mensrea is associated.