NUMBER 13-04-00298-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


SONY WADE WILSON, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 156th District Court of Bee County, Texas.

 

 

MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Rodriguez and Amidei 


Memorandum Opinion by Chief Justice Valdez



 Appellant, Sonny Wade Wilson, was found guilty of aggravated assault on a public
servant and possession of a deadly weapon in a penal institution. Appellant raises ten
issues on appeal. We affirm the judgment of the trial court.

I. Background


 Appellant, an inmate at the McConnell Unit in Bee County, Texas, refused to allow
another inmate to be placed in his cell. He protested that he had been harassed by
frequent cell moves and the proposed new cell-mate assignment. He was instructed to
gather his belongings so he could be transferred to a holding facility pending a hearing of
his protest. While being escorted from his cell, appellant resisted being handcuffed, a
scuffle ensued, and two correctional officers received bruises, lacerations, and a small
puncture wound. The correctional officers present saw a metal object in appellant's hand
during the altercation. After the officers subdued appellant, they found two home-made
weapons, or "shanks," on the floor in near proximity to appellant. One weapon was a 
metal rod that was approximately eight and one-half inches in length, sharpened on one
end, and bent on the other end with string wrapped around the bent end as a handle. The
other weapon, measuring approximately six inches in length, was a plastic razor handle,
wrapped with string, with approximately seven razor blades attached to the opposite end. 

II. Instruction on Subjective State


 In his first issue, appellant contends that the trial court erred in failing to instruct the
jury that it was to vote "not guilty" if the jury had not reached a "subjective state of near
certitude" as to appellant's guilt. Appellant contends that this instruction is supported by
Jackson v. Virginia, 443 U.S. 307, 315 (1979), and Victor v. Nebraska, 511 U.S. 1, 22
(1994). 

 Texas adopted the Jackson reasoning regarding reasonable doubt instructions in
Geesa v. State, 820 S.W.2d 154, 165 (Tex. Crim. App. 1991), requiring an instruction on
the definition of reasonable doubt, not the "near certitude" standard that appellant
suggests. The court of criminal appeals, however, subsequently overruled this requirement
on grounds that the instruction was redundant and confusing. Paulson v. State, 28 S.W.3d
570, 573 (Tex. Crim. App. 2000). The Paulson court concluded "that the better practice is
to give no definition of reasonable doubt at all to the jury." Id.; see Hankins v. State, 132
S.W.3d 380, 384 (Tex. Crim. App. 2004). "So long as the court instructs the jury on the
necessity that the defendant's guilt be proved beyond a reasonable doubt, the Constitution
does not require that any particular form of words be used in advising the jury of the
government's burden of proof." Paulson, 28 S.W.3d at 573 (citing Victor, 511 U.S. at 5).

 The trial court in the present case instructed the jury in the jury charge that they
must find appellant guilty, if proven beyond a reasonable doubt, and not guilty otherwise.
Accordingly, we hold that the trial court instructed the jury consistently with the Paulson
mandate, and thus, did not err in failing to instruct the jury on the "near certitude" standard
of reasonable doubt. Id.; see also Moreno v. State, No. 13-05-325-CR, 2006 Tex. App.
LEXIS 5517, at *16-17 (Tex. App.-Corpus Christi June 29, 2006, pet. ref'd) (not designated
for publication) (mem. op.) (rejecting an instruction on the "near certitude" standard of
reasonable doubt). We overrule appellant's first issue.

III. Instruction as to Accuracy of Exhibit


 In his second issue, appellant contends that the trial court erred in failing to instruct
the jury that the trial court was not vouching for the accuracy of a videotape that was
played to the jury. The videotape at issue, taken by a correctional officer, depicted the
altercation with appellant. Appellant complains that the videotape was unreliable because
(1) it contained inaudible noises, (2) there was a "blip" on the video, (3) prison records
indicated that a videotape was copied onto a master tape, and (4) the actual time shown
imprinted on the videotape, as it was playing, differed from the time announced on a radio
heard in the background on the videotape.


 We disagree with appellant's contention. Even a seemingly neutral instruction about
a particular type of evidence constitutes an impermissible comment on the weight of the
evidence in violation of article 36.14 of the code of criminal procedure because such an
instruction singles out a particular piece of evidence for special attention. See Tex. Code
Crim. Proc. Ann. art. 36.14 (Vernon Supp. 2006); Rocha v. State, 16 S.W.3d 1, 20 (Tex.
Crim. App. 2000); Matamoros v. State, 901 S.W.2d 470, 477 (Tex. Crim. App. 1995) (citing
Zani v. State, 758 S.W.2d 233, 245 (Tex. Crim. App. 1988)); O'Connell v. State, 17 S.W.3d
746, 749 (Tex. App.-Austin 2000, no pet.). Appellant's requested instruction was not
neutral and it singled out the videotape for special attention. Accordingly, the trial court did
not err in failing to give the jury a "reliability" instruction. We overrule appellant's second
issue.

IV. Diminished Capacity or Responsibility


 In his third issue, appellant contends that, under the diminished capacity or
diminished responsibility doctrine, he could only be convicted of simple assault since he
was suffering from an angry, emotional rage at the time of the altercation, and he therefore
lacked the specific intent to have intentionally or recklessly assaulted the correctional
officers. Appellant contends that this result is supported by Cowles v. State, 510 S.W.2d
608 (Tex. Crim. App. 1974), and Lopez v. State, 651 S.W.2d 413, 416 (Tex. App.-Fort
Worth 1983, no pet.). 

 We must disagree. Subsequent to Cowles, the Texas Court of Criminal Appeals
held that a defendant's "lack of normal impulse control is simply not a circumstance
recognized by the Legislature to diminish the criminal responsibility of an accused or
reduce his crime to a lesser included offense." Wagner v. State, 687 S.W.2d 303, 312
(Tex. Crim. App. 1984) (op. on reh'g). It is clear that there is no "diminished capacity"
defense to defeat the element of mens rea during the guilt-innocence phase of trial. Id.;
Jackson v. State, 115 S.W.3d 326, 330 (Tex. App.-Dallas 2003), aff'd, 160 S.W.3d 568
(Tex. Crim. App. 2005); Thomas v. State, 886 S.W.2d 388, 391 (Tex. App.-Houston [1st
Dist.] 1994, pet. ref'd); De La Garza v. State, 650 S.W.2d 870, 876 (Tex. App.-San Antonio
1983, pet. ref'd). Although Texas does not recognize the doctrine of "diminished capacity"
as an affirmative defense, i.e., a lesser form of the defense of insanity, under certain
circumstances, a defendant may present relevant evidence for the jury to consider in an
attempt to negate the mens rea element alleged in the indictment. See Jackson v. State,
160 S.W.3d 568, 573-74 (Tex. Crim. App. 2005). In the instant case, appellant contends
that his emotional state was clearly evidenced in the evidence at trial. Accordingly, the jury
was able to consider, and reject, appellant's contention that he lacked the requisite mental
state for assault. We overrule appellant's third issue.

V. Correctional Officers' Scope of Authority


 In his fourth issue, appellant contends that the correctional officers were acting
outside of their scope of authority under section 9.53 of the Texas Penal Code in
attempting to forcibly restrain him. Tex. Pen. Code Ann. § 9.53 (Vernon 2003). Appellant
contends that there were no safety or security issues present which allowed the
correctional officers to use force against him. 

 A correctional officer is given a privilege to use force by section 9.53 of the Texas
Penal Code, entitled "Maintaining Security in a Correctional Facility," which states:

 An officer or employee of a correctional facility is justified in using force
against a person in custody when and to the degree the officer or employee
reasonably believes the force is necessary to maintain the security of the
correctional facility, the safety or security of other persons in custody or
employed by the correctional facility, or his own safety or security.


See id. If there is record evidence that demonstrates a public officer is unlawfully
discharging his official duties at the time a person assaults him, the defendant is entitled
to a lesser-included charge. Hall v. State, 158 S.W.3d 470, 471 (Tex. Crim. App. 2005)

However, if a correctional officer's use of force falls within the above definition, he is
lawfully discharging his official duties, and, if assaulted at this time, the actor is guilty of
assault of a public servant rather than mere misdemeanor assault. See id.

 The record evidence shows that appellant believed that he was being harassed by
correctional officers with frequent cell moves and a proposed new cell-mate assignment. 
Eddie Arnold, another inmate, testified that the prison staff "hassled" appellant. 

 Appellant asserts that he was merely trying to explain his objections to the proposed
cell change to the correctional officers when they "grabbed" appellant and wrestled him to
the ground. The testimony of the correctional officers indicates otherwise. The evidence
is undisputed that appellant refused to be handcuffed while being escorted from his cell. 
The correctional officers present testified that appellant initiated a physical altercation and
two correctional officers received injuries. The officers testified that they acted with the
force necessary to maintain their safety and security. Accordingly, we cannot conclude
that the correctional officers were acting outside of the scope of their authority in handling
appellant. They were justified in using force against appellant, a person in custody of the
correctional facility, "when and to the degree" that they reasonably believed the force was
necessary to maintain the security of the correctional facility. See id. We overrule
appellant's fourth issue. 

VI. Alteration of the Videotape


 In his fifth issue, appellant contends this Court should dismiss the charges against
him "in the interest of justice" because there is a five minute segment of video footage
missing from a videotape that was shown at trial. In support of this proposition, appellant
points to testimony in the record that the actual time shown imprinted on the videotape as
it was playing differed from the time announced on a radio playing in the background on
the videotape.

 We review a trial court's ruling on authentication issues under an abuse of discretion
standard. Angleton v. State, 971 S.W.2d 65, 67 (Tex. Crim. App. 1998); Reavis v. State,
84 S.W.3d 716, 719 (Tex. App.-Fort Worth 2002, no pet.); Thornton v. State, 994 S.W.2d
845, 854 (Tex. App.-Fort Worth 1999, pet. ref'd). This standard requires an appellate
court to uphold a trial court's admissibility decision when that decision is within the zone
of reasonable disagreement. Powell v. State, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001).

 Texas Rule of Evidence 901 governs the authentication requirement for the
admissibility of evidence and is the appropriate analysis for the authentication of
recordings. Tex. R. Evid. 901; Angleton, 971 S.W.2d at 69; Reavis, 84 S.W.3d at 719. 
Subsection (a) states that the authentication requirement for admissibility of evidence is
satisfied by proof sufficient to support a finding that the matter in question is what its
proponent claims it is. Tex. R. Evid. 901(a). Subsection (b) provides a nonexclusive list
of methods to authenticate evidence. Id. at 901(b). One example given is the testimony
of a witness with knowledge that a matter is what it is claimed to be. See id. at 901(b)(1).

 At trial, appellant contended that the videotape had been altered because of the
alleged discrepancy between the time-stamp on the videorecording and the time
announced on the radio in the videotape. Correctional Officer Francisco Guevara testified
that he took the videotape at issue and identified the videotape. He further testified that
he had watched and listened to the tape; that it was prepared on a recording device
capable of making an accurate audio and visual recording; that he was trained to operate
the recording device; that the State's exhibit was an accurate copy of the recording that he
took; that the recording accurately and correctly depicted the scene as he recorded it; and
that the recording had not been altered in any way, or in any manner.

 Based on the foregoing, we conclude that the trial court did not abuse its discretion
in admitting the videotape, and we decline to acquit appellant "in the interest of justice." 
Appellant's fifth issue is overruled.

VII. Instruction on Self Defense


 In his sixth issue, appellant contends that the trial court erred in failing to instruct the
jury on self defense. A defendant is entitled, upon a timely request, to an instruction on
any defensive issue raised by the evidence, provided that: (1) the defendant timely
requests an instruction on that specific theory; and (2) the evidence raises that issue. 
Mendoza v. State, 88 S.W.3d 236, 239 (Tex. Crim. App. 2002). 

 We overrule this issue because appellant failed to request a jury instruction on self
defense or object to its omission from the charge. See Rogers v. State, 105 S.W.3d 630,
639 (Tex. Crim. App. 2003); Posey v. State, 966 S.W.2d 57, 62 (Tex. Crim. App. 1992)
(concluding that trial court has no duty to sua sponte instruct on an unrequested defensive
issue). Moreover, a self defense instruction is inappropriate where the state of the
evidence suggests that the appellant initiated the altercation. See Lockhart v. State, 847
S.W.2d 568, 574-75 (Tex. Crim. App. 1992). We overrule appellant's sixth issue.

VIII. Sufficiency of the Evidence Regarding Aggravated Assault


 In his ninth and seventh issues, appellant contends that the evidence is legally and
factually insufficient to support a conviction as to the offense alleged in count one of the
indictment, that is, aggravated assault on a public servant. See Tex. Pen. Code Ann. §§
22.01(a)(2), 22.02(a)(2), 22.02(b)(2)(B) (Vernon Supp. 2006). In these issues, appellant
specifically contends that the evidence fails to show that appellant used or exhibited a
deadly weapon because the correctional officers failed to suffer serious bodily injuries.

 We review the legal sufficiency of the evidence by viewing the evidence in the light
most favorable to the verdict to determine whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. Vodochodsky v.
State, 158 S.W.3d 502, 509 (Tex. Crim. App. 2005). The trier of fact is the sole judge of
the weight and credibility of the evidence. Margraves v. State, 34 S.W.3d 912, 919 (Tex.
Crim. App. 2000). Thus, when performing a legal sufficiency review, we do not re-evaluate
the weight and credibility of the evidence and substitute our judgment for that of the fact
finder. Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). We resolve any
inconsistencies in the evidence in favor of the verdict. Curry v. State, 30 S.W.3d 394, 406
(Tex. Crim. App. 2000).

 In reviewing the factual sufficiency of the evidence, we view all of the evidence in
a neutral light to determine whether the jury was rationally justified in finding guilt beyond
a reasonable doubt. Watson v. State, 204 S.W.3d 404, 415 (Tex. Crim. App. 2006); see
also Marshall v. State, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006). Unless the record
clearly reveals a different result is appropriate, we must defer to the fact-finder's
determination concerning what weight to be given to contradictory testimony. Johnson v.
State, 23 S.W.3d 1, 8 (Tex. Crim. App. 2000).

 Texas Penal Code section 22.02 defines an aggravated assault as an assault
wherein the person "uses or exhibits a deadly weapon" during the commission of the
assault. See Tex. Pen. Code Ann. § 22.02 (Vernon Supp. 2006); Irving v. State, 176
S.W.3d 842, 846 n.7 (Tex. Crim. App. 2005). A "deadly weapon" is a firearm or anything
manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily
injury, or anything that in the manner of its use or intended use is capable of causing death
or serious bodily injury. Tex. Pen. Code Ann. § 1.07(a)(17)(B); Drichas v. State, 175
S.W.3d 795, 798 (Tex. Crim. App. 2005). 

 Objects that are not usually considered dangerous weapons may become so,
depending on the manner in which they are used during the commission of an offense. 
Drichas, 175 S.W.3d at 798; Thomas v. State, 821 S.W.2d 616, 620 (Tex. Crim. App.
1991). To determine whether, in the manner of its use or intended use, the weapon is
"capable" of causing death or serious bodily injury, "capability" must be evaluated in light
of the facts that actually existed when the assault was committed. Drichas, 175 S.W.3d
at 799. Home-made weapons, or "shanks," can be considered deadly weapons. Berry v.
State, 833 S.W.2d 332, 334 (Tex. App.-Waco 1992, no pet.); see Thomas, 821 S.W.2d
at 620) (holding that the court of appeals erred in concluding that a shank is necessarily
not a deadly weapon under the penal code). 

 Specific intent to use an object as a deadly weapon is not required. Drichas, 175
S.W.3d at 798; McCain v. State, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000). Because
criminal intent is an intangible, it can be proved only by circumstantial evidence. Johnson,
919 S.W.2d at 477. An intent to inflict serious bodily injury or death may be shown by
evidence of assertive conduct by an attacker. Id. The nature of the inflicted wounds is a
factor to be considered, but wounds are not a prerequisite to a deadly weapon finding. 
Dominique v. State, 598 S.W.2d 285, 286 (Tex. Crim. App. 1980); see Denham v. State,
574 S.W.2d 129, 130 (Tex. Crim. App. 1978). 

 We reject appellant's contention that the correctional officers must have suffered
serious bodily injuries in order for him to be convicted of aggravated assault with a deadly
weapon. As stated previously, wounds are not a necessary prerequisite for an object to
be a deadly weapon. Dominique, 598 S.W.2d at 286; Denham, 574 S.W.2d at 130.

 In the instant case, Correctional Officer Andreas Garza testified that he saw a metal
object that he knew to be a homemade metal weapon in appellant's right hand, and
appellant attempted to strike him with that object. Garza suffered a small puncture wound,
scratches and bruising to his chest, and lacerations that appeared to have been caused
by a knife. Another correctional officer suffered scratches and an abrasion during the
altercation. Correctional Officer Miguel Rene Padron also testified that he saw a weapon
in appellant's hand during the fight. The weapons found in immediate proximity to
appellant after the incident consisted of a "shank," a metal rod eight and one-half inches
long, which was sharpened on one end and bent on the other with string wrapped around
the bent end of the handle, and a plastic razor handle wrapped with string that had seven
razor blades attached to the opposite end. A prison investigator testified that, based on
his experience, these weapons were capable of causing death or serious bodily injury. 

 We conclude that the evidence is legally and factually sufficient to sustain
appellant's conviction for aggravated assault on a public servant. We overrule appellant's
seventh and ninth issues.

IX. Sufficiency of the Evidence as to Possession of a Weapon


 In his eighth and tenth issues, appellant contends the evidence is legally and
factually insufficient to support his conviction for possession of a deadly weapon in a penal
institution. Appellant contends that a fellow inmate testified that he did not see a weapon
in appellant's hand at the time of the incident, and that both weapons were found on the
floor after the altercation. 

 A person commits the offense of possession of a deadly weapon in a penal
institution if, "while confined in a penal institution, he intentionally, knowingly or recklessly
possesses or conceals a deadly weapon in the penal Institution." Tex. Penal Code Ann.
§ 46.10(a)(2) (Vernon 2003). To support a conviction for possession of a deadly weapon
in a penal institution, the State must show that the accused (1) exercised actual care,
control, or custody of the weapon, (2) was conscious of his or her connection with it, and
(3) possessed the weapon knowingly or intentionally. See Brown v. State, 911 S.W.2d
744, 747 (Tex. Crim. App. 1995); Nguyen v. State, 54 S.W.3d 49, 52-53 (Tex.
App.-Texarkana 2001, pet. ref'd). The evidence used to satisfy these elements can be
direct or circumstantial. See Brown, 911 S.W.2d at 747; Nguyen, 54 S.W.3d at 53.
Whether direct or circumstantial evidence is used, the State must establish that the
accused's connection with the weapon was more than just fortuitous. See Brown, 911
S.W.2d at 747; Nguyen, 54 S.W.3d at 53. 

 We conclude there is sufficient circumstantial evidence linking appellant to the
weapons. Appellant was the sole occupant and had exclusive possession of his jail cell
at the time both shanks were found. The correctional officers testified that they saw a
metal object in appellant's hand and appellant struck one of the officers with that object. 
Following the altercation, the two weapons were found on the floor near appellant's head. 
The jurors heard appellant's testimony disputing each of these elements of the State's
case and rejected his version of the events. The jury, as sole judge of the witnesses'
credibility and the weight to be given their testimony, is free to accept or reject any or all
of the evidence presented by either side. See Margraves v. State, 34 S.W.3d 912, 919
(Tex. Crim. App. 2000). The jury was free to take all of the evidence into account and to
believe or disbelieve any portion of appellant's statements. Sorto v. State, 173 S.W.3d
469, 475 (Tex. Crim. App. 2005), cert. denied, 126 S. Ct. 2982, 165 L. Ed. 2d 989, 2006
U.S. LEXIS 5229 (June 30, 2006). We conclude that the evidence is both legally and
factually sufficient to support appellant's conviction for possession of a deadly weapon in
a penal institution. Accordingly, we overrule appellant's eighth and tenth issues.

X. Conclusion


 We affirm the judgment of the trial court.

 

 ROGELIO VALDEZ

 Chief Justice

Dissenting Opinion by 

Justice Amidei.


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 31st day of May, 2007.