COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-313-CR
 
  
DEMARCUS 
JAMES WILLIAMS                                               APPELLANT
A/K/A 
DEMARCUS J. WILLIAMS
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 297TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        In 
ten points, Appellant Demarcus James Williams a/k/a Demarcus J. Williams appeals 
his conviction for one count of engaging in organized criminal activity and one 
count of murder. A jury found Appellant guilty of both offenses and assessed his 
punishment at fifty years’ imprisonment for each count. We affirm.
Background
        On 
July 31, 2002, Appellant, along with other members of a group,[2] 
were observed chasing Donald Watkins, now deceased, in the courtyard of the 
Ripley Arnold housing complex.  Once Appellant and the other group members 
reached Watkins they continuously kicked, stomped, and beat him for 
approximately fifteen to twenty minutes.  Betsy Harrington, who witnessed 
the beating, heard Appellant yelling at Watkins, “That’ll teach you to 
[f---] me out of my money.”  “This is the last time you [f---] me out 
of my money.”  “I’ll teach you.”
        Watkins 
died from blunt force head injuries. Daniel Konzelmann, the assistant medical 
examiner, testified that Watkins received between thirty-four and thirty-five 
injuries to his head and neck, which included injuries to both sides of his 
brain.
Motion to 
Quash/Law of Parties
        In 
his first two points, Appellant contends that the State should have pled a 
parties theory in the indictment. Specifically, in point one, Appellant argues 
that the trial court abused its discretion by failing to grant his motion to 
quash the indictment because the indictment failed to set forth the manner and 
means of criminal responsibility on which the State relied to establish 
Appellant’s culpability. In point two, Appellant argues that the trial court 
erred by including a parties instruction in the jury charge when there was no 
parties pleading in the indictment.
        A 
trial court’s ruling on a motion to quash is reviewed under an abuse of 
discretion standard. Thomas v. State, 621 S.W.2d 158, 163 (Tex. Crim. 
App. 1981) (op. on reh’g); McKinney v. State, 59 S.W.3d 304, 310 (Tex. 
App.—Fort Worth 2001 pet. ref’d), cert. denied, 536 U.S. 968 (2002). 
An abuse of discretion is evident when a lower court’s decision is so clearly 
wrong as to lie outside the zone within which reasonable persons might disagree. 
Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on 
reh’g). An abuse of discretion also occurs when the trial court’s acts are 
arbitrary and unreasonable or without reference to any guiding rules and 
principles. Id. at 380.
        It 
is well settled that the law of parties need not be pled in the indictment. Vodochodsky 
v. State, No. 74129, 2004 WL 840121 at*5 (Tex. Crim. App. April 21, 2004); Marable 
v. State, 85 S.W.3d 287, 287 (Tex. Crim. App. 2002). Accordingly, 
Appellant’s first point is overruled.
        Turning 
to Appellant’s second point, we note that Appellant did not object to the 
trial court’s inclusion of the parties instruction, but instead read to the 
court the agreed-upon language between Appellant and the State.
        The 
law of parties may be applied to a case even though no such allegation is 
contained in the indictment. Id. An instruction on the law of parties may 
be given whenever there is sufficient evidence to support a jury verdict that 
the defendant is criminally responsible under the law of parties. Ladd v. 
State, 3 S.W.3d 547, 564 (Tex. Crim. App. 1999), cert. denied, 529 
U.S. 1070 (2000). A person is criminally responsible as a party to an offense if 
the offense is committed by his own conduct, by the conduct of another for which 
he is criminally responsible, or by both. Tex. 
Penal Code Ann. § 7.01(a) (Vernon 2003). Moreover, a person is 
criminally responsible for an offense committed by the conduct of another if, 
acting with intent to promote or assist the commission of the offense, he 
solicits, encourages, directs, aids, or attempts to aid the other person to 
commit the offense. Id. § 7.02(a)(2). To determine whether a defendant 
participated in an offense as a party, we may examine the events occurring 
before, during, and after the commission of the offense. Ransom v. State, 
920 S.W.2d 288, 302 (Tex. Crim. App. 1994) (op. on reh’g), cert. denied, 
519 U.S. 1030 (1996). Furthermore, if the evidence clearly supports the 
defendant’s guilt as a principal, error, if any, is harmless. Ladd, 3 
S.W.3d at 564-65. Circumstantial evidence may also show that one is a party to 
the offense.  Wygal v. State, 555 S.W.2d 465, 469 (Tex. Crim. App. 
1977).
        We 
hold that there was no error in the jury charge.  There was sufficient 
evidence presented at trial to support the jury verdict that Appellant was 
criminally responsible under the law of parties.  There was evidence 
tending to show that Appellant was a member of a criminal street gang and sold 
drugs in the area.  There was evidence presented that showed Watkins was 
killed because he had attempted to buy drugs from Appellant without having the 
money to pay for them. One witness testified that Appellant and another male 
stomped, kicked, and beat Watkins as a group of people watched.  Another 
witness testified that Appellant and three other males stomped, hit, and cursed 
at Watkins.  The jury could infer from this evidence that Appellant acted 
with the intent to promote or assist the commission of the murder, and 
solicited, encouraged, directed, aided, or attempted to aid the members in the 
group in killing Watkins. See Tex. 
Penal Code Ann. § 7.02(a)(2).  Furthermore, in view of the trial 
testimony of Christine Ybarra and Betsy Harrington, there was sufficient 
evidence for the jury to find Appellant guilty as a principal.  We overrule 
Appellant’s second point.
Lesser Included 
Offense Instructions
        In 
points three, four, five, and six, Appellant complains that the trial court 
erred by failing to instruct the jury on the lesser included offenses of 
aggravated assault and simple assault with regard to both counts in the 
indictment.
        To 
determine whether a jury must be charged on a lesser included offense, we apply 
a two-step analysis. Moore v. State, 969 S.W.2d 4, 8 (Tex. Crim. App. 
1998). The first step is to decide whether the offense is a “lesser included 
offense” as defined in article 37.09 of the code of criminal procedure. Tex. Code Crim. Proc. Ann. art. 37.09 
(Vernon 1981); Moore, 969 S.W.2d at 8.
        A 
lesser included offense is defined both in terms of the offense charged and the 
facts of the case: “An offense is a lesser included offense if . . . it is 
established by proof of the same or less than all the facts required to 
establish the commission of the offense charged.” Tex. Code Crim. Proc. Ann. art. 
37.09(1). Therefore, our analysis of whether an offense is a lesser included 
offense of the charged offense must be made on a case-by-case basis. Bartholomew 
v. State, 871 S.W.2d 210, 212 (Tex. Crim. App. 1994); Day v. State, 
532 S.W.2d 302, 315-16 (Tex. Crim. App. 1976) (op. on reh'g). It does not matter 
if the charged offense can be established on a theory that does not contain the 
lesser offense; the issue is whether the State, when presenting its case to 
prove the offense charged, also includes proof of the lesser included offense as 
defined in article 37.09. See Bartholomew, 871 S.W.2d at 212; Broussard 
v. State, 642 S.W.2d 171, 173 (Tex. Crim. App. 1982). Because aggravated 
assault may be a lesser included offense of murder, the first prong of the test 
is satisfied. Cardenas v. State, 30 S.W.3d 384, 392-93 (Tex. Crim. App. 
2000); Forest v. State, 989 S.W.2d 365, 367-68 (Tex. Crim. App. 1999). 
Furthermore, if there is some evidence that an assault was made with no 
intention to kill, the defendant may be entitled to an instruction on the lesser 
included of simple assault. See Hall v. State, 402 S.W.2d 752, 754 (Tex. 
Crim. App. 1966).
        The 
second step requires an evaluation of the evidence to determine whether there is 
some evidence that would permit a rational jury to find that the defendant is 
guilty only of the lesser offense, and not of the greater. Feldman v. State, 
71 S.W.3d 738, 750-51 (Tex. Crim. App. 2002); Moore, 969 S.W.2d at 8. The 
evidence must be evaluated in the context of the entire record. Moore, 
969 S.W.2d at 8. There must be some evidence from which a rational jury could 
acquit the defendant of the greater offense while convicting him of the lesser 
included offense. Id. The court may not consider whether the evidence is 
credible, controverted, or in conflict with other evidence. Id. If there 
is evidence from any source that negates or refutes the element establishing the 
greater offense, or if the evidence is so weak that it is subject to more than 
one reasonable inference regarding the aggravating element, the jury should be 
charged on the lesser included offense. See Schweinle v. State, 915 
S.W.2d 17, 19 (Tex. Crim. App. 1996); Saunders v. State, 840 S.W.2d 390, 
391-92 (Tex. Crim. App. 1992).
        The 
elements of aggravated assault are set out in Texas Penal Code section 22.02(a). 
The statute provides that a person commits aggravated assault if he “commits 
assault as defined in § 22.01 and the person (1) causes serious bodily injury 
to another. . .; or (2) uses or exhibits a deadly weapon during the commission 
of the assault.”  Tex. Penal Code 
Ann. § 22.02(a). Section 19.02(b)(1) provides that a person commits 
murder if he “intentionally or knowingly causes the death of an 
individual.”  Id. § 19.02(b)(1).  Under section 19.02(b)(2), 
a person commits murder if he “ intends to cause serious bodily injury and 
commits an act clearly dangerous to human life that causes the death of an 
individual.”  Id. § 19.02(b)(2).  Therefore, in order to 
warrant a lesser included offense instruction Appellant would need to point to 
either: 1) evidence that he did not commit an act clearly dangerous to human 
life; or 2) evidence that he did not have an intent to inflict serious bodily 
injury.
        Appellant 
does not point to and our review of the record does not reveal any evidence that 
would support a guilty verdict on only the lesser charge of aggravated assault 
or simple assault. See Bignall v. State, 887 S.W.2d 21, 23 (Tex. 
Crim. App. 1994).  Accordingly, Appellant was not entitled to an 
instruction on aggravated assault or simple assault and the trial court did not 
err by refusing to charge the jury on that offense.  See Jackson v. 
State, 115 S.W.3d 326, 330-31 (Tex. App.—Dallas 2003, pet. granted).  
We overrule Appellant’s third, fourth, fifth, and sixth points.
Jury Argument
        In 
points seven, eight, and nine, Appellant argues that the trial court abused its 
discretion by overruling his objection to the State’s improper closing 
argument during the punishment phase of the trial. In point ten, Appellant 
argues that the State made improper closing arguments during the guilt/innocence 
phase of the trial by claiming that defense counsel had mislead the jury.
        To 
be permissible, the State’s jury argument must fall within one of the 
following four general areas: (1) summation of the evidence; (2) reasonable 
deduction from the evidence; (3) answer to argument of opposing counsel; or (4) 
plea for law enforcement. Felder v. State, 848 S.W.2d 85, 94-95 (Tex. 
Crim. App. 1992), cert. denied, 510 U.S. 829 (1993); Alejandro v. 
State, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).
        If 
a jury argument exceeds the bounds of proper argument, the trial court’s 
erroneous overruling of a defendant’s objection is not reversible error unless 
it affected the appellant’s substantial rights. Tex. R. App. P. 44.2(b); Martinez v. 
State, 17 S.W.3d 677, 692-93 (Tex. Crim. App. 2000); Mosley v. State, 
983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh’g), cert. denied, 
526 U.S. 1070 (1999). In determining whether the appellant’s substantial 
rights were affected, we consider: (1) the severity of the misconduct (i.e., the 
prejudicial effect of the prosecutor’s remarks), (2) curative measures, and 
(3) the certainty of conviction or the punishment assessed absent the 
misconduct. Martinez, 17 S.W.3d at 692-93; Mosley, 983 S.W.2d at 
259.
        In 
this case, Appellant argues that the prosecutor improperly injected his personal 
opinion into the argument, and that a prosecutor is never allowed to express his 
own personal opinion in jury argument. Specifically, Appellant complains about 
the following statements: 1) “Because he’s never, no matter what you do, he 
is never going to be a good man.” 2) “But some of us are just plain bad. And 
that’s who sits before you.” 3) “That is my opinion. And I thank you for 
listening to it.”
        One 
permissible area of jury argument is to make reasonable deductions from the 
evidence. Gaddis v. State, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988). 
Counsel is allowed wide latitude in drawing inferences from the evidence, so 
long as the inferences drawn are reasonable, fair, legitimate, and offered in 
good faith. Id. The purpose of closing argument is to assimilate the 
evidence to assist the fact-finder in drawing proper conclusions from the 
evidence. Id. at 400. The jury is then free to accept or reject such 
conclusions and inferences. Id. We look to the following cases for 
guidance in reviewing whether the prosecutor’s statements were improper. See 
Barnard v. State, 730 S.W.2d 703, 718 (Tex. Crim. App. 1987) (holding that 
the prosecutor’s characterization of the defendant as a “mean person” was 
a reasonable deduction from the evidence), cert. denied, 485 U.S. 929 
(1988); Burns v. State, 556 S.W.2d 270, 285 (Tex. Crim. App.) (holding it 
was proper under the evidence to refer to the defendant as an “animal”), cert. 
denied, 434 U.S. 935 (1977); McKay v. State, 707 S.W.2d 23, 36 (Tex. 
Crim. App. 1985) (finding no error where the defendant was described as a 
“moral vacuum”), cert. denied, 479 U.S. 871 (1986); Belton 
v. State, 900 S.W.2d 886, 898 (Tex. App.—El Paso 1995, pet. ref’d) 
(holding prosecutor’s reference to defendant as an “animal” was a 
reasonable deduction from the evidence); Garza v. State, 783 S.W.2d 796, 
800 (Tex. App.—San Antonio 1990, no pet.) (holding prosecutor’s references 
to defendant as a “dog” and an “animal” were reasonable deductions from 
the evidence).
        Here, 
the evidence shows that Appellant kicked, stomped, and hit Watkins in the head 
repeatedly for fifteen to twenty minutes. Appellant continued to beat Watkins 
even though he cried out for help, and tried to cover his face and head in an 
effort to protect himself. There was testimony that Appellant walked away to 
retrieve a glass bottle from a nearby dumpster and then walked back to Watkins 
and continued to kick, stomp, and hit him. Appellant continued to beat Watkins 
despite the fact that his eyes had rolled back in his head, his face and eyes 
were swelling, and he was bleeding and making gurgling sounds. We conclude that 
the extreme facts in this case justified the prosecutor’s characterization of 
Appellant as a bad person and someone who “is never going to be a good man”, 
and was a reasonable deduction from the evidence. We overrule points seven, 
eight, and nine.
        In 
point ten, Appellant argues that the trial court abused its discretion by 
overruling his objection to the State’s improper closing argument. During the 
State’s closing argument at the conclusion of the guilt/innocence phase of the 
trial, the prosecutor argued,
  
What evidence have you heard of that?  Detective McCaskill said he heard a 
rumor that Kevin Lewis would sometimes stay at her apartment.  And the 
defense counsel wants to mislead you and wants to make that seem like there was 
some big relationship and there was some big conspiracy there. [Appellant 
responded to the closing argument by stating the following,] Your Honor, I’m 
going to object.  That’s an attack on the Defendant over the shoulders of 
counsel.  We never attempted to mislead anyone, we simply developed 
evidence.  We object.
 
 
The 
trial court subsequently overruled Appellant’s objection.
        The 
State argues that the prosecutor’s jury argument was in response to defense 
counsel’s jury argument that Ybarra’s testimony was inconsistent and not 
forthcoming because Keven Lewis had occasionally stayed at Ybarra’s apartment 
and there was some type of relationship between them.  In closing argument, 
the State is permitted to draw from the facts all inferences that are 
reasonable, fair, and legitimate. Borjan v. State, 787 S.W.2d 53, 57 
(Tex. Crim. App. 1990).  Here, the prosecutor’s comment was a proper 
response to defense counsel’s theory that Ybarra’s testimony regarding 
Lewis’ guilt differed from Harrington’s because of an alleged relationship 
between Ybarra and Lewis.  Therefore, we hold the argument was not 
objectionable. We overrule Appellant’s tenth point.
Conclusion
        Having 
overruled Appellant’s ten points on appeal, we affirm the trial court’s 
judgment.
 
 
                                                                  PER 
CURIAM
 
 
PANEL 
A: HOLMAN, J.; CAYCE, C.J.; and WALKER, J.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
March 10, 2005

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
There was testimony at trial that Appellant was a member of a criminal street 
gang called the Downtown Crips.