WILLIAMS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-313-CR

DEMARCUS JAMES WILLIAMS APPELLANT

A/K/A DEMARCUS J. WILLIAMS

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In ten points, Appellant Demarcus James Williams a/k/a Demarcus J. Williams appeals his conviction for one count of engaging in organized criminal activity and one count of murder.  A jury found Appellant guilty of both offenses and assessed his punishment at fifty years’ imprisonment for each count.  We affirm.

Background

On July 31, 2002, Appellant, along with other members of a group,
(footnote: 2) were observed chasing Donald Watkins, now deceased, in the courtyard of the Ripley Arnold housing complex.  Once Appellant and the other group members reached Watkins they continuously kicked, stomped, and beat him for approximately fifteen to twenty minutes.  Betsy Harrington, who witnessed the beating, heard Appellant yelling at Watkins, “That’ll teach you to [f---] me out of my money.” “This is the last time you [f---] me out of my money.” “I’ll teach you.”

Watkins died from blunt force head injuries.  Daniel Konzelmann, the assistant medical examiner, testified that Watkins received between thirty-four and thirty-five injuries to his head and neck, which included injuries to both sides of his brain.

Motion to Quash/Law of Parties

In his first two points, Appellant contends that the State should have pled a parties theory in the indictment.  Specifically, in point one, Appellant argues that the trial court abused its discretion by failing to grant his motion to quash the indictment because the indictment failed to set forth the manner and means of criminal responsibility on which the State relied to establish Appellant’s culpability.  In point two, Appellant argues that the trial court erred by including a parties instruction in the jury charge when there was no parties pleading in the indictment.

A trial court’s ruling on a motion to quash is reviewed under an abuse of discretion standard.  
Thomas v. State
, 621 S.W.2d 158, 163 (Tex. Crim. App. 1981) (op. on reh’g); 
McKinney v. State
, 59 S.W.3d 304, 310 (Tex. App.—Fort Worth 2001 pet. ref’d), 
cert. denied
, 536 U.S. 968 (2002).  An abuse of discretion is evident when a lower court’s decision is so clearly wrong as to lie outside the zone within which reasonable persons might disagree.  
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g).  An abuse of discretion also occurs when the trial court’s acts are arbitrary and unreasonable or without reference to any guiding rules and  principles.  
Id
. at 380.

It is well settled that the law of parties need not be pled in the indictment.  
Vodochodsky v. State
, No. 74129, 2004 WL 840121 at*5 (Tex. Crim. App. April 21, 2004); 
Marable v. State
, 85 S.W.3d 287, 287 (Tex. Crim. App. 2002).  Accordingly, Appellant’s first point is overruled.

Turning to Appellant’s second point, we note that Appellant did not object to the trial court’s inclusion of the parties instruction, but instead read to the court the agreed-upon language between Appellant and the State.

The law of parties may be applied to a case even though no such allegation is contained in the indictment.  
Id
.  An instruction on the law of parties may be given whenever there is sufficient evidence to support a jury verdict that the defendant is criminally responsible under the law of parties.  
Ladd v. State
, 3 S.W.3d 547, 564 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1070 (2000).  A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.  
Tex. Penal Code Ann
. § 7.01(a) (Vernon 2003).  Moreover, a person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.  
Id
. § 7.02(a)(2).  To determine whether a defendant participated in an offense as a party, we may examine the events occurring before, during, and after the commission of the offense.  
Ransom v. State
, 920 S.W.2d 288, 302 (Tex. Crim. App. 1994) (op. on reh’g), 
cert
. 
denied
, 519 U.S. 1030 (1996).  Furthermore, if the evidence clearly supports the defendant’s guilt as a principal, error, if any, is harmless.  
Ladd
, 3 S.W.3d at 564-65. Circumstantial evidence may also show that one is a party to the offense.  
Wygal v. State
, 555 S.W.2d 465, 469 (Tex. Crim. App. 1977).

We hold that there was no error in the jury charge.  There was sufficient evidence presented at trial to support the jury verdict that Appellant was criminally responsible under the law of parties.  There was evidence tending to show that Appellant was a member of a criminal street gang and sold drugs in the area.  There was evidence presented that showed  Watkins was killed because he had attempted to buy drugs from Appellant without having the money to pay for them.  One witness testified that Appellant and another male stomped, kicked, and beat Watkins as a group of people watched.  Another witness testified that Appellant and three other males stomped, hit, and cursed at Watkins.  The jury could infer from this evidence that Appellant acted with the intent to promote or assist the commission of the murder, and solicited, encouraged, directed, aided, or attempted to aid the members in the group in killing Watkins.  
See
 
Tex. Penal Code Ann
. § 7.02(a)(2).  Furthermore, in view of the trial testimony of Christine Ybarra and Betsy Harrington, there was sufficient evidence for the jury to find Appellant guilty as a principal.  We overrule Appellant’s second point.

Lesser Included Offense Instructions

In points three, four, five, and six, Appellant complains that the trial court erred by failing to instruct the jury on the lesser included offenses of aggravated assault and simple assault with regard to both counts in the indictment.

To determine whether a jury must be charged on a lesser included offense, we apply a two-step analysis. 
 
Moore v. State
, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998).  The first step is to decide whether the offense is a “lesser included offense” as defined in article 37.09 of the code of criminal procedure.  
Tex. Code Crim. Proc. Ann.
 art. 37.09 (Vernon 1981); 
Moore
, 969 S.W.2d at 8.

A lesser included offense is defined both in terms of the offense charged and the facts of the case:  “An offense is a lesser included offense if . . . it is established by proof of the same or less than all the facts required to establish the commission of the offense charged.”  
Tex. Code Crim. Proc. Ann
. art. 37.09(1).  Therefore, our analysis of whether an offense is a lesser included offense of the charged offense must be made on a case-by-case basis.  
Bartholomew v. State
, 871 S.W.2d 210, 212 (Tex. Crim. App. 1994); 
Day v. State
, 532 S.W.2d 302, 315-16 (Tex. Crim. App. 1976) (op. on reh'g).  It does not matter if the charged offense can be established on a theory that does not contain the lesser offense; the issue is whether the State, when presenting its case to prove the offense charged, also includes proof of the lesser included offense as defined in article 37.09.  
See Bartholomew
, 871 S.W.2d at 212; 
Broussard v. State
, 642 S.W.2d 171, 173 (Tex. Crim. App. 1982).  Because aggravated assault may be a lesser included offense of murder, the first prong of the test is satisfied.  
Cardenas v. State, 
30 S.W.3d 384, 392-93 (Tex. Crim. App. 2000);
 Forest v. State
, 989 S.W.2d 365, 367-68 (Tex. Crim. App. 1999).  Furthermore, if there is some evidence that an assault was made with no intention to kill, the defendant may be entitled to an instruction on the lesser included of simple assault.  
See Hall v. State
, 402 S.W.2d 752, 754 (Tex. Crim. App. 1966).

The second step requires an evaluation of the evidence to determine whether there is some evidence that would permit a rational jury to find that the defendant is guilty only of the lesser offense, and not of the greater.  
Feldman v. State
, 71 S.W.3d 738, 750-51 (Tex. Crim. App. 2002); 
Moore
, 969 S.W.2d at 8.  The evidence must be evaluated in the context of the entire record.  
Moore
, 969 S.W.2d at 8.  There must be some evidence from which a rational jury could acquit the defendant of the greater offense while convicting him of the lesser included offense.  
Id.
  The court may not consider whether the evidence is credible, controverted, or in conflict with other evidence.  
Id.
  If there is evidence from any source that negates or refutes the element establishing the greater offense, or if the evidence is so weak that it is subject to more than one reasonable inference regarding the aggravating element, the jury should be charged on the lesser included offense.  
See Schweinle v. State
, 915 S.W.2d 17, 19 (Tex. Crim. App. 1996); 
Saunders v. State
, 840 S.W.2d 390, 391-92 (Tex. Crim. App. 1992).

The elements of aggravated assault are set out in Texas Penal Code section 22.02(a).  The statute provides that a person commits aggravated assault if he “commits assault as defined in § 22.01 and the person (1) causes serious bodily injury to another. . .; or (2) uses or exhibits a deadly weapon during the commission of the assault.”  
Tex. Penal Code Ann
. § 22.02(a).  Section 19.02(b)(1) provides that a person commits murder if he “intentionally or knowingly causes the death of an individual.”  
Id
. § 19.02(b)(1).  Under section 19.02(b)(2), a person commits murder if he “ intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual.”  
Id
. § 19.02(b)(2).  Therefore, in order to warrant a lesser included offense instruction Appellant would need to point to either: 1) evidence that he did not commit an act clearly dangerous to human life; or 2) evidence that he did not have an intent to inflict serious bodily injury.

Appellant does not point to and our review of the record does not reveal any evidence that would support a guilty verdict on only the lesser charge of aggravated assault or simple assault. 
See
 
Bignall v. State
, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994).  Accordingly, Appellant was not entitled to an instruction on aggravated assault or simple assault and the trial court did not err by refusing to charge the jury on that offense.  
See Jackson v. State
, 115 S.W.3d 326, 330-31 (Tex. App.—Dallas 2003, pet. granted).  We overrule Appellant’s third, fourth, fifth, and sixth points.

Jury Argument

In points seven, eight, and nine, Appellant argues that the trial court abused its discretion by overruling his objection to the State’s improper closing argument during the punishment phase of the trial.  In point ten, Appellant argues that the State made improper closing arguments during the guilt/innocence phase of the trial by claiming that defense counsel had mislead the jury.

To be permissible, the State’s jury argument must fall within one of the following four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement. 
 Felder v. State
, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992), 
cert. denied
, 510 U.S. 829 (1993); 
Alejandro v. State
, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).

If a jury argument exceeds the bounds of proper argument, the trial court’s erroneous overruling of a defendant’s objection is not reversible error unless it affected the appellant’s substantial rights.  
Tex. R. App. P. 
44.2(b); 
Martinez v. State
, 17 S.W.3d 677, 692-93 (Tex. Crim. App. 2000); 
Mosley v. State
, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
, 526 U.S. 1070 (1999).  In determining whether the appellant’s substantial rights were affected, we consider:  (1) the severity of the misconduct (i.e., the prejudicial effect of the prosecutor’s remarks), (2) curative measures, and (3) the certainty of conviction or the punishment assessed absent the misconduct.  
Martinez
, 17 S.W.3d at 692-93; 
Mosley
, 983 S.W.2d at 259.

In this case, Appellant argues that the prosecutor improperly injected his personal opinion into the argument, and that a prosecutor is never allowed to express his own personal opinion in jury argument.  Specifically, Appellant complains about the following statements: 1) “Because he’s never, no matter what you do, he is never going to be a good man.” 2) “But some of us are just plain bad.  And that’s who sits before you.” 3)  “That is my opinion.  And I thank you for listening to it.”

One permissible area of jury argument is to make reasonable deductions from the evidence.  
Gaddis v. State
, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988).  Counsel is allowed wide latitude in drawing inferences from the evidence, so long as the inferences drawn are reasonable, fair, legitimate, and offered in good faith.  
Id
.  The purpose of closing argument is to assimilate the evidence to assist the fact-finder in drawing proper conclusions from the evidence.  
Id
. at 400.  The jury is then free to accept or reject such conclusions and inferences. 
Id
.  We look to the following cases for guidance in reviewing whether the prosecutor’s statements were improper.  
See Barnard v. State
, 730 S.W.2d 703, 718 (Tex. Crim. App. 1987) (holding that the prosecutor’s characterization of the defendant as a “mean person” was a reasonable deduction from the evidence), 
cert. denied
, 485 U.S. 929 (1988); 
Burns v. State
, 556 S.W.2d 270, 285 (Tex. Crim. App.) (holding it was proper under the evidence to refer to the defendant as an “animal”), 
cert. denied
, 434 U.S. 935 (1977); 
McKay v. State
, 707 S.W.2d 23, 36 (Tex. Crim. App. 1985) (finding no error where the defendant was described as a “moral vacuum”), 
cert
. 
denied
, 479 U.S. 871 (1986); 
Belton v. State
, 900 S.W.2d 886, 898 (Tex. App.—El Paso 1995, pet. ref’d) (holding prosecutor’s reference to defendant as an “animal” was a reasonable deduction from the evidence); 
Garza v. State
, 783 S.W.2d 796, 800 (Tex. App.—San Antonio 1990, no pet.) (holding prosecutor’s references to defendant as a “dog” and an “animal” were reasonable deductions from the evidence).

Here, the evidence shows that Appellant kicked, stomped, and hit Watkins in the head repeatedly for fifteen to twenty minutes.  Appellant continued to beat Watkins even though he cried out for help, and tried to cover his face and head in an effort to protect himself.  There was testimony that Appellant walked away to retrieve a glass bottle from a nearby dumpster and then walked back to Watkins and continued to kick, stomp, and hit him.  Appellant continued to beat Watkins despite the fact that his eyes had rolled back in his head, his face and eyes were swelling, and he was bleeding and making gurgling sounds.  We conclude that the extreme facts in this case justified the prosecutor’s characterization of Appellant as a bad person and someone who “is never going to be a good man”, and was a reasonable deduction from the evidence.  We overrule points seven, eight, and nine.

In point ten, Appellant argues that the trial court abused its discretion by overruling his objection to the State’s improper closing argument.  During the State’s closing argument at the conclusion of the guilt/innocence phase of the trial, the prosecutor argued,

What evidence have you heard of that? Detective McCaskill said he heard a rumor that Kevin Lewis would sometimes stay at her apartment. And the defense counsel wants to mislead you and wants to make that seem like there was some big relationship and there was some big conspiracy there.  [Appellant responded to the closing argument by stating the following,] Your Honor, I’m going to object.  That’s an attack on the Defendant over the shoulders of counsel.  We never attempted to mislead anyone, we simply developed  evidence.  We object.

The trial court subsequently overruled Appellant’s objection.

The State argues that the prosecutor’s jury argument was in response to defense counsel’s jury argument that Ybarra’s testimony was inconsistent and not forthcoming because Keven Lewis had occasionally stayed at Ybarra’s apartment and there was some type of relationship between them.  In closing argument, the State is permitted to draw from the facts all inferences that are reasonable, fair, and legitimate.  
Borjan v. State
, 787 S.W.2d 53, 57 (Tex. Crim. App. 1990).  Here, the prosecutor’s comment was a proper response to defense counsel’s theory that Ybarra’s testimony regarding Lewis’ guilt differed from Harrington’s because of an alleged relationship between Ybarra and Lewis.  Therefore, we hold the argument was not objectionable.  We overrule Appellant’s tenth point.

Conclusion

Having overruled Appellant’s ten points on appeal, we affirm the trial court’s judgment.

PER CURIAM

PANEL A:  HOLMAN, J.; CAYCE, C.J.; and WALKER, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 10, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
There was testimony at trial that Appellant was a member of a criminal street gang called the Downtown Crips.